IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No.  2:24-CR-253-002-JS** |
| | : | **2:23-CR-454-001-WB** |
| **vs.** | : | |
| | : | |
| **RAKIEM SAVAGE** | : | |
| | : | |

### ORDER

**AND NOW**, this day of _____ 2025, upon consideration of the Defendant's *Motion to Consolidate*, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.  Thus, the criminal matter pertaining to defendant Rakiem Savage and docketed at 2:23-CR-454 shall be transferred from Judge _____ to Judge _____ for any and all future proceedings.

                                          _____
                                          HONORABLE JOEL SLOMSKY
                                          United States District Judge

Date: _____

THE BOZZELLI LAW FIRM
By: Lawrence J. Bozzelli, Esq.
1315 Walnut Street – STE 1605, Phila PA 19107
(267) 251-7822; bozzelli.law@gmail.com
Attorney for Rakiem Savage

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No.  2:24-CR-253-002-JS |
| | : | 2:23-CR-454-001-WB |
| vs. | : | |
| | : | |
| RAKIEM SAVAGE | : | |
| | : | |

## MOTION TO CONSOLIDATE

      The defendant Rakiem Savage, by and through his attorney, Lawrence J. Bozzelli, respectfully asks this Court, pursuant to Federal Rules of Criminal Procedure 13 and relevant case law, to enter an Order to consolidate both open criminal cases before one Judge for the purposes of a plea and sentencing. In support of the defendant's Motion, he avers the following:

### INTRODUCTION

1. The Government has charged Rakiem Savage in 2 separate criminal matters that are currently open. The case docketed at 23-CR-454 in currently listed before Judge Wendy Beetlestone. This case involves the defendant and other co-defendants working together to steal the contents of various tractor-trailers around the city of Philadelphia.

2. The other case docketed at 24-CR-253 is currently before Judge Slomsky. This case alleges that the defendant and other co-conspirators were involved in a

large-scale criminal enterprise that violates the RICO laws wherein the defendant is alleged to have obtained counterfeit money and fraudulently obtained PUA loan assistance money.

3. The defendant has just recently entered into a guilty plea to resolve both criminal cases. The defendant has recently signed a guilty plea pursuant to Rule 11(c)(1)(B) wherein one of the recommendations of the plea is that both sentences shall run concurrently.

4. The defense has simultaneously filed this Motion to Consolidate before both Judge Beetlestone and Judge Slomsky.

## PROPOSED STATEMENTS OF FACTS

5. According to the prosecution in their detention memorandum for the RICO case [24-253, ECF #41], Savage and his co-defendants are part of a racketeering enterprise that is engaged in counterfeiting, money laundering, illegal gambling, robbery, and mail and wire fraud related to COVID-19 relief payments. The prosecution claims that Savage in a member of multiple gangs. They allege that he is a member of "Omerta," which is based in the Strawberry Mansion neighborhood of Philadelphia. Omerta is closely aligned with another, larger Philadelphia gang named "Zoo Gang." Further, during the conspiracy, Savage filed fraudulent pandemic unemployment assistance (PUA) applications and engaged in a conspiracy to commit counterfeiting with

Omerta. He received a payout from the government of over $37,000 from the fraudulent PUA application. Both the counterfeiting and the fraud related to PUA were designed to fund the gang and its members.

6. As per the prosecution's detention memorandum in the Cargo Theft case [23-CR-545; ECF #19], Savage and his co-defendants have developed into a ***bona fide*** cargo theft and robbery gang. They have employed multiple vehicles, including a large white box truck, to break into cargo trailers throughout the city of Philadelphia and steal televisions, frozen food, liquor, and refrigerators, amongst other items. The culmination of this robbery and theft ring came in the coordinated and brazen theft of over $230,000 worth of dimes from a cargo trailer which had just picked up at the United States Mint. On the night of both the dime theft and the Hobbs Act robbery, Savage is in communication with his co-defendants and placed near the scenes by his cell phone location data.

## APPLICABLE LAW

7. Rule 13 provides: "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. See ***U.S. v. Barrett***, 967 F.2d 592 (9th Cir. 1992)

8. Whether offenses could have been joined is governed by the joinder rules (Rule 8). Under Rule 8(a), counts may be joined in a single instrument when

they are "of the same or similar character," arise from the "same act or transaction," or are "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

9. Our Federal Courts have held that "the policies underpinning the consolidation rule are judicial efficiency and fairness." *McCloud v. Hooks*, 560 F.3d 1223 (11th Cir. 2009).

## ANALYSIS

10. The threshold question under Rule 13 is whether "all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. Here, the offenses charged in both cases arise from the same acts and are part of the same factual scheme which is that Savage and his confederates are part of an organized gang that have agreed to commit crimes such as theft and robbery. These offenses occurred around the same time and all are largely based in Philadelphia. Because the offenses are connected in time, circumstance, witnesses, and evidence, they meet the Rule 8 joinder criteria and thus consolidation is permitted by Rule 13.

11. Joinder under Rule 8 is satisfied when counts are part of a "series of acts or transactions," or are otherwise part of a "common scheme or plan." The overlapping proof the Government will present in both prosecutions confirms that the charges are factually linked and conceivably would have been charged together. To put it another way, the Government has already linked Savage to

2 separate gangs by way of the RICO Indictment. It would be a very easy task to have included the tractor-trailer robberies as a third gang in the over-arching RICO conspiracy. They occurred months apart in the Philadelphia area and the same cell phone that has provided evidence to link him to the RICO Indictment would also be used to link him to the tractor-trailer robberies, See Fed. R. Crim. P. 8(a).

12. In the instant RICO case [24-253], it is alleged that Savage was part of a large scale criminal organization that committed multiple crimes including theft, robbery and money laundering. It is further alleged that Savage was part of 2 different gangs which are referred to as "Omerta" and the "Zoo Gang". The cargo theft case [23-454] alleges that Savage and his crew conspired to rob the cargo of several tractor trailers. It is very easy to fit these allegations into the main RICO case. A prosecutor would simply have to allege that Savage and this third group of confederates conspired to commit the robberies. It is not a very far stretch.

13. In this case, the defendant has entered into a guilty plea to resolve both open cases. One of the agreements is that both parties recommend that the sentences run concurrently. It would be in the interest of judicial economy to have only one Judge to oversee the guilty plea in order to ensure that the sentences are run concurrent.

14. Defense counsel shared this Motion to Consolidate with AUSA Alexander Bowerman and he indicated that the Government takes no position on the motion.

15. It is also in the interest of justice to consolidate both cases. It is presumed that if both cases were not officially consolidated in front of one Judge, there would be a *de facto* consolidation by U.S. Probation when it came to the eventual supervision of the defendant. The defense argues that it will streamline proceedings; reduce the cost of litigation and it will avoid the risk of conflicting judgments. Further, it will save judicial resources and prevent unnecessary repetition.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order consolidating both open criminal cases before one Judge for the purposes of a Change of Plea and a sentencing hearing.

Respectfully Submitted,

THE BOZZELLI LAW FIRM

Lawrence J. Bozzelli, Esquire
Attorney for Rakiem Savage

Date:    September 29, 2025

**CERTIFICATE OF SERVICE**

The undersigned hereby states that a copy of this Motion was served through the ECF filing system this day upon:

AUSA Shayna Gannone
U.S. Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Honorable Joel Slomsky
United States Courthouse
601 Market Street
Philadelphia, PA

Honorable Wendy Beetlestone
United States Courthouse
601 Market Street
Philadelphia, PA

Respectfully Submitted,

Lawrence J. Bozzelli, Esquire
Attorney for Rakiem Savage

Date: September 29, 2025